354 So.2d 229 (1978)
David POWELL, Sr.
v.
ORLEANS PARISH SCHOOL BOARD, Galvez Hotel Incorporated and Employers Casualty Company.
No. 8711.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
Jesse S. Guillot, New Orleans, for plaintiff-appellant.
Polack, Rosenberg, Rittenberg & Endom, Franklin V. Endom, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, BEER and BOWES, JJ.
PER CURIAM.
After trial, in which all parties were exceptionally well represented by able counsel, the trial judge rendered written findings of fact and reasons for judgment as follows:
"David Powell, Jr., a member of a high school band, went to Galveston, Texas for a band festival. The trip was under the auspices of his school, O. Perry Walker High School and the Orleans Parish School Board.
Almost immediately upon the arrival of the three buses at the hotel and before all the checking in was completed, some of the students went swimming in the pool. Powell's father testified that his son was not a swimmer, did not care for and in fact was afraid of the water. However, eyewitnesses to the tragedy testified that:
Young Powell was seen alone, on the diving board, at the deep end of the pool. No one was forcing him to dive in the pool; there was no horseplay or clowning around. He voluntarily dove into the pool and some few minutes later was found on the bottom. He was lifted out of the pool by another student and pulled up to poolside by others, including a chaperone. Two chaperones were on hand and immediately responded. One chaperone had been graduated from an advanced first aid class and was specially trained in artificial respiration and mouth-to-mouth resuscitation. This was applied until an ambulance arrived, and the boy placed on oxygen. He was pronounced dead on arrival at the hospital. At least five additional female chaperones were watching the pool activity and *230 were close to hear normal conversations among students (some 40-50 feet away).
The crux of the plaintiff's case is that his son (a few months away from his eighteenth birthday) was a good, obedient and gifted boy. He allowed the boy to go on this band trip because he believed there was to be adequate supervision by adult chaperones and that this was not supplied. The preponderance of the evidence is to the contrary. The trip was planned in advance, parents adequately informed and there were more than a dozen parents and teachers on the trip acting as chaperones. These adults did a good job of maintaining order on the buses, chaperoning at poolside and in and around the hotel. The plaintiff gave written permission for his son to use the swimming pool on this trip. He had no reason to believe that the adult chaperones knew (they did not) that the boy could not swim and/or to expect a special chaperone to be assigned to his son alone during the course of the holiday. If the Powell boy could not swim and was afraid of water, as his father testified, the father should not have given written permission for him to use the pool. If this was a conditional permission, the condition should have been made known to the school authorities and was not. If the boy could not swim and was afraid of water, why did he voluntarily dive into the deep end of a pool?
Under such circumstances, the Court cannot find any evidence which would show negligence on the part of the Orleans Parish School Board. Plaintiff's lawsuit will be dismissed at his expense. Even trying the case by stipulation, under the comparative negligence law of Texas, the Court cannot assess any fault against defendants."
The record amply supports the conclusions painstakingly arrived at by the able trial court, and we adopt same as our opinion. The judgment is affirmed, at appellant's cost.
AFFIRMED.